IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
KIMBERLY-JANE: OF HOUSE      )
FREELAND,                    )
                             )
            Plaintiff,       )
                             )
      v.                     )      1:24CV739
                             )
SELENE FINANCE LP and DUETSCHE )
BANK NATIONAL TRUST COMPANY AS )
TRUSTEE,[1]                  )
                             )
            Defendants.      )
```

**MEMORANDUM ORDER**

THOMAS D. SCHROEDER, District Judge.

This action arises out of foreclosure proceedings involving a nearly twenty year-old home loan. Before the court is the joint motion to dismiss the complaint by Defendants Selene Finance LP and Deutsche Bank National Trust Company and the motion of Plaintiff Kimberly-Jane Freeland for a temporary restraining order and emergency hearing. (Docs. 6, 13.) Freeland has filed a response in opposition to the motion to dismiss (Doc. 11), to which Defendants have filed a reply (Doc. 15). Defendants have correspondingly filed a response in opposition to the motion for a temporary restraining order (Doc. 16), to which Freeland has filed a reply (Doc. 17). Freeland has also filed an affidavit in support of that reply. (Doc. 18.) For the reasons set forth

---

[1] Freeland appears to have misspelled Deutsche Bank National Trust Company.

below, the court will grant the motion to dismiss and deny Freeland's motion for a temporary restraining order as moot.

I. BACKGROUND

This court has previously considered and dismissed without prejudice a prior complaint filed by Freeland dealing with the same issues presented here. See Freeland v. Long Beach Mortg. Co., No. 1:23-cv-1098, --- F. Supp. 3d ---, 2024 WL 3512322, at *1-3 (M.D.N.C. July 22, 2024). The facts alleged in the present complaint, which the court accepts as true for purposes of the motion to dismiss, show that Freeland owns the property at 3615 Pertland Trail in Greensboro, North Carolina. (Doc. 1 at 2.) Freeland entered into a mortgage agreement for the property with Long Beach Mortgage Company on August 4, 2005, and the mortgage was subsequently serviced by Selene Finance LP, beginning on March 8, 2024. (Id.)

The complaint asserts that Defendants have (1) failed to disclose material information; (2) fraudulently misrepresented mortgage terms by presenting terms different than those ultimately enforced; (3) improperly separated the note and mortgage; (4) unlawfully converted Freeland's property; and (5) engaged in predatory lending and failed to properly securitize the mortgage. (Doc. 1 at 2-3, 10-11, 23-25.) Freeland has attached within the complaint what she identifies as the "Bloomberg report," which purports to detail the various steps in the securitization of her

2

mortgage after its finalization. (Doc. 1 at 4-10, 12-15, 17-20; see Doc. 11 at 2 (referring to the attachment as the "Bloomberg report").)

The complaint seeks several forms of relief: (1) "[a] decree declaring that the Defendants' actions are null and void"; (2) an injunction preventing Defendants "from taking any further action to foreclose upon or otherwise encumber the property"; (3) an order directing Defendants "to take all necessary actions to correct the title to the property and to restore [Freeland's] ownership rights free from all clouds and encumbrances"; (4) restitution; (5) attorneys' fees and costs; and (6) other relief this court deems appropriate. (Doc. 1 at 21.)

## II. ANALYSIS

### A. Standard of Review

#### 1. Rule 12(b)(6)

Federal Rule of Civil Procedure 8(a)(2) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. (8)(a)(2). A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) is meant to "test[] the sufficiency of a complaint" and not to "resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). To survive such a motion, "a complaint must contain sufficient factual

3

matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).

In considering a Rule 12(b)(6) motion, a court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and all reasonable inferences must be drawn in the non-moving party's favor, Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997). However, the court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (citation omitted). Rule 12(b)(6) protects against meritless litigation by requiring sufficient factual allegations "to raise a right to relief above the speculative level" so as to "nudge[] . . . the[] claims across the line from conceivable to plausible." Twombly, 550 U.S. at 555, 570; see Iqbal, 556 U.S. at 678. Thus, mere legal conclusions should not be accepted as true, and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Because Freeland appears pro se, her pleadings "should not be scrutinized with such technical nicety that a meritorious claim should be defeated." Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978). But the liberal construction of a pro se party's

4

filing does not require the court to ignore clear defects in it, Bustos v. Chamberlain, No. 3:09-1760, 2009 WL 2782238, at *2 (D.S.C. Aug. 27, 2009), or to become an advocate for the pro se party, Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). See also Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985) (noting that "[d]istrict judges are not mind readers"). Moreover, it is not the court's duty to "scour the record to locate uncited evidentiary support for a party's factual assertions." Seaman v. Duke Univ., No. 1:15-CV-462, 2018 WL 10446957, at *1 (M.D.N.C. June 6, 2018). Rather, under Local Rule 7.2(a)(2), "[e]ach statement of fact should be supported by reference to a part of the official record in the case."

### 2. Temporary Restraining Order

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Nat. Res. Def. Council, 555 U.S. 7, 24 (2008). "A plaintiff seeking a preliminary injunction must establish [(1)] that he is likely to succeed on the merits, [(2)] that he is likely to suffer irreparable harm in the absence of preliminary relief, [(3)] that the balance of equities tips in his favor, and [(4)] that an injunction is in the public interest." Id. at 20. These factors also apply to the issuance of a temporary restraining order. Green v. ABC Companies, 702 F. Supp. 3d 418, 423 & n.1 (W.D.N.C. 2023). Because preliminary relief is extraordinary and not to be granted as a matter of

5

Case 1:24-cv-00739-TDS-LPA    Document 19    Filed 02/05/25    Page 5 of 16

course, it may "only be awarded upon a clear showing that the plaintiff is entitled to such relief." Winter, 555 U.S. at 22.

    B.    **Motion to Dismiss**

        1.    **Fraud**

Although not expressed as a standalone claim, Freeland asserts in an affidavit attached to her complaint that Defendants have engaged in "fraudulent" conduct through "misrepresentation of the mortgage terms," which led to "inflated interest rates and penalties." (Doc. 1 at 23-24.) However, the complaint, even liberally construed, fails to sufficiently allege fraud.

A claim of fraud under North Carolina law requires proof of a "(1) [f]alse representation or concealment of a material fact, (2) reasonably calculated to deceive, (3) made with intent to deceive, (4) which does in fact deceive, (5) resulting in damage to the injury party." Ragsdale v. Kennedy, 209 S.E.2d 494, 500 (N.C. 1974). "[T]he misrepresentation must be definite and specific." Id. Moreover, an allegation of fraud is subject to Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead with particularity, including "the time, place, and contents of the false representations, as well as the identity of the person making the misrepresentation and what he obtained thereby." Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir. 1999) (quoting 5 Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure: Civil § 1297, at 590

6

(2d ed. 1990)). This court must "hesitate to dismiss a complaint under Rule 9(b)" if the court is satisfied that (1) the Defendants "ha[ve] been made aware of the particular circumstances" for which they will have to prepare a defense at trial, and (2) Freeland has "substantial prediscovery evidence of those facts." Id.

Here, Freeland has not pled the contents of any false representations with particularity. She does not specify which terms were "fraudulent[ly] misrepresent[ed]" (Doc. 1 at 23), or which mortgage terms presented were "materially different from those ultimately enforced" (id. at 2). Even in her response in opposition to the motion to dismiss, she argues only that she has "outline[d] [the] who (Defendants), what (fraudulent disclosure), when (discovery upon report retrieval), where, and how (through SEC filings)."[2] (Doc. 11 at 2-3.) But these vague references do not suffice. Freeland fails to make Defendants aware of the particular circumstances for which they would have to prepare a defense at trial, or suggest that she has substantial prediscovery evidence of those facts. See Harrison, 176 F.3d at 784. The

---

[2] Freeland relies on the so-called "Bloomberg report" for this assertion. (See doc. 11 at 2-3.) Freeland does not identify which specific "fraudulent disclosures," if any, the Bloomberg report has found. See id. And the court is unable to identify any. Because the Bloomberg report has not identified any potentially useful information for Freeland, the court need not opine on the propriety of her including that document in the complaint.

7

complaint thus fails to state a claim for fraud.[3]

## 2. Failure to Disclose Material Information

Freeland claims that Defendants failed to disclose material information to her, in violation of the Truth in Lending Act, 15 U.S.C. § 1601 et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 et seq. ("RESPA"). Freeland asserts that she "was not provided with the necessary and legally required disclosures concerning the terms and conditions of the mortgage" under these statutes. (Doc. 1 at 2.)

As to TILA, Freeland states that Defendants "fail[ed] to provide me with the required disclosures, including my right of rescission." (Id. at 23.) Defendants contend that any claims under TILA are time-barred. (Doc. 8 at 5-6.) Freeland responds that her claims are not time-barred because they are tolled for fraud. (Doc. 11 at 1-2.) Defendants assert that Freeland's fraud claim fails to state a claim. (Doc. 8 at 6.)

Defendants are correct. TILA claims are subject to a three-year statute of limitations. Harris v. SunTrust Mortg., Inc., No.

---

[3] In addition, any fraud claim under North Carolina law would likely be time-barred. See Spoor v. Barth, 781 S.E.2d 627, 633 (N.C. App. 2016) (explaining that an action for fraud must be brought within three years, and the accrual period begins with "actual discovery [of the fraudulent conduct] or when the fraud should have been discovered in the exercise of reasonable diligence under the circumstances") (quotation marks and citation omitted). Here, the complaint alleges that Freeland entered into the mortgage on August 4, 2005, almost 20 years ago. (Doc. 1 at 2.)

12-cv-378, 2013 WL 1120846, at *4 (M.D.N.C. March 18, 2013). Here, the complaint alleges that Freeland entered into the mortgage on August 4, 2005 (Doc. 1 at 2); the statute of limitations for any TILA claim, therefore, expired in 2008. See Harris, 2013 WL 1120846, at *4. Though Freeland fails to articulate how any alleged fraud would toll this limitations period, it is of no moment as she has failed to sufficiently allege fraud, as the court has found. Her TILA claim should therefore be dismissed.

As to RESPA, the complaint asserts only that Defendants "neglect[ed] to provide the required disclosures related to escrow accounts and servicing transfers." (Doc. 1 at 24.) The complaint does not offer further elaboration on the disclosures that allegedly should have been provided under RESPA. (See generally Doc. 1.) Neither Defendants nor Freeland explicitly addresses RESPA in briefing on the motion to dismiss. (See docs. 8, 11, 15.)

The complaint's passing reference to RESPA fails to state a claim. RESPA contains, among other things, a notice requirement relating to the transfer of servicing rights and a provision governing the administration of escrow accounts. 12 U.S.C. § 2605(b), (g). The complaint's reference to RESPA — that Defendants "neglect[ed] to provide the disclosures related to escrow accounts and servicing transfers" (Doc. 1 at 24) — is a "[t]hreadbare recital[] of the elements of a cause of action" that

9

is "devoid of further factual enhancement" and subject to dismissal on that basis alone. Iqbal, 556 U.S. at 678 (quotation marks and citation omitted).[4] This claim will therefore be dismissed.

### 3. Improper Separation of Note and Mortgage

Freeland claims that Defendants "engaged in conduct that led to the improper separation of the note and mortgage, thereby breaking the chain of title and rendering any foreclosure action they might pursue invalid." (Doc. 1 at 2-3.) She cites in support two out-of-circuit cases, Glaski v. Bank of America, 218 Cal. App. 4th 1079 (Cal. App. 2013) and U.S. Bank Nat'l Ass'n v. Ibanez, 941 N.E.2d 40 (Mass. 2011). (Doc. 1 at 24.) The problem for Freeland is that the Fourth Circuit has rejected the underlying "note-splitting" theory that forms the basis of this claim. Horvath v. Bank of New York, N.A., 641 F.3d 617, 623-24 (4th Cir. 2011); Mullis v. First Charter Bank, No. 5:12-cv-00090, 2013 WL 3899888, at *3-5 (W.D.N.C. July 29, 2013) (applying Horvath and rejecting a note-splitting argument under North Carolina law). The court will therefore dismiss this claim.

---

[4] The reply and Freeland's affidavit in support of her request for a temporary restraining order offer greater factual detail than the complaint, stating that Defendants "mishandled" escrow payments by overcharging her and "imposed unwarranted penalties and late fees"; further, payments "were not applied to property taxes or insurance as agreed." (Doc. 18 at 3; see Doc. 17 at 6.) Whether these assertions would suffice to state a claim is irrelevant, however, as "[i]t is well-established that parties cannot amend their complaints through briefing or oral advocacy." Southern Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC, 713 F.3d 175, 184 (4th Cir. 2013).

### 4. Conversion of Property

Freeland claims Defendants "unlawfully converted [her] property by exercising control over the mortgage and associated funds in a manner inconsistent with [her] rights," in violation of North Carolina law. (Doc. 1 at 10-11.) The complaint does not offer elaboration on the associated funds at issue or specify the way Defendants exercised control over those funds that was inconsistent with Freeland's rights. (Id.; id. at 24-25.) Defendants argue that the claim fails because conversion does not apply to real property under North Carolina law. (Doc. 8 at 10.) Freeland responds that "defendants' securitization of the note, without disclosure or sharing of profits with me, constitutes an unlawful conversion." (Doc. 11 at 4.)

Defendants are correct that the conversion claim fails. Under North Carolina law, "conversion applies only to goods and personal property and does not apply to real property." McNeill v. Minter, 182 S.E.2d 647, 648 (N.C. Ct. App. 1971). Freeland asserts that conversion occurred through securitization of the note and purports to rely on precedents from other jurisdictions to argue that conversion "can apply to certain intangible rights that represent a tangible interest."[5] (Doc. 11 at 4-5.) To the extent

---

[5] Freeland cites "Adams v. Harty, 447 N.W.2d 295 (Minn. Ct App. 1989)" and "Murphy v. Lazarevitz, 953 F. Supp. 938 (D. Mass. 1987)." (Doc. 11 at 5.) The court, however, has been unable to locate either case, despite conducting searches under both the case names and reporter citations. It is not clear the cases exist.

11

Freeland is arguing that splitting the note from the mortgage amounts to conversion, the court is aware of no authority to support this novel theory. See Mullis, 2013 WL 3899888, at *3-5 (rejecting note-splitting theory under North Carolina law); Horvath, 641 F.3d at 623-24 (rejecting note-splitting theory under Virginia law). This argument still fails here, even cloaked with the language of conversion. This claim will therefore be dismissed.

### 5. Predatory Lending and Securitization Issues

Finally, Freeland claims that Defendants engaged in "predatory lending" and "failed to properly securitize the mortgage." (Doc. 1 at 11.) The complaint relatedly alleges that Defendants "fail[ed] to properly assign the note and mortgage during securitization." (Id. at 25.) The complaint does not elaborate on the predatory lending practices at issue, and Freeland's response in opposition to the motion to dismiss does not address predatory lending. (See generally Docs. 1, 11.)

The court will dismiss any claim for predatory lending for being insufficiently pled in the complaint and for being abandoned in argument. Cf. O.V. v. Durham Public Schools Bd. of Ed., No. 1:17cv691, 2018 WL 2725467, at *22 (M.D.N.C. June 6, 2018) ("Plaintiffs included no arguments against dismissal of their NCSES claims in their opposition memorandum. . . . Under the circumstances, the Court should deem Plaintiffs' NCSES claims

12

abandoned and dismiss them accordingly"), report and recommendation adopted, No. 1:17-cv-691, 2018 WL 3370644 (M.D.N.C. July 10, 2018).

The claim as it pertains to improper securitization is also subject to dismissal on several grounds. First, it is insufficiently pled. The factual support for this claim in the complaint is the statement that "[t]he failure to properly assign the note and mortgage during securitization violates the principles of equity and the rights of the homeowner." (Doc. 1 at 25.) This statement hardly gives Defendants sufficient notice of the factual basis for the claim against them to allow preparation of any meaningful defense. Second, even if it were supported by more extensive factual allegations, a claim for improper securitization would fail as a matter of law because Freeland lacks standing to challenge the securitization process which occurred separately after the finalization of her mortgage. "Securitization merely creates a separate contract, distinct from Plaintiffs' debt obligations under the note and does not change the relationship of the parties in any way." Powell v. Countrywide Bank, No. PX 16-1201, 2016 WL 5815884, at *4 (D. Md. Oct. 4, 2016) (alterations adopted) (citation omitted). "In the consumer lending context, a party 'generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.'" Id. (quoting Wolf

13

v. Fed. Nat'l Mortg. Ass'n, 512 F. App'x 336, 342 (4th Cir. 2013) (per curiam)).[6] The result is that a plaintiff like Freeland lacks standing to challenge the securitization process, which occurred after the finalization of her mortgage. See id.

### C. Temporary Restraining Order

For the reasons noted above, all of Freeland's claims are subject to dismissal. Freeland therefore has not shown the requisite likelihood of success on the merits to warrant the issuance of a temporary restraining order. See Winter, 555 U.S. at 20. The court therefore need not consider whether Younger abstention,[7] raised by Defendants, would be warranted. (See Doc. 16 at 3-5.) Accordingly, the motion for a temporary restraining order will be denied as moot.

\* \* \*

This court dismissed Freeland's prior action without prejudice in deference to her pro se status and because, though the court had doubts, her vague pleading made it unclear whether she could remedy the defects the court identified. Freeland, 2024

---

[6] Unpublished opinions of the Fourth Circuit are not precedential but are cited here for their persuasive, though not controlling, authority. See Collins v. Pond Creek Mining Co., 468 F.3d 213, 219 (4th Cir. 2006).

[7] The doctrine established by Younger v. Harris, 401 U.S. 37 (1971), calls on federal courts to abstain from resolving certain matters that implicate "exceptional" parallel state proceedings, including "state criminal prosecutions," "civil enforcement proceedings," and "civil proceedings involving certain orders that are uniquely in furtherance of the state courts' ability to perform their judicial functions," Sprint Commc'ns, Inc. v. Jacobs, 571 U.S. 69, 72-73 (2013).

WL 3512322, at *3. However, Freeland's current complaint fared no better, as it shares the same defects as those of the previous action, "merely recit[ing] apparent elements of claims under [the] statutes in conclusory fashion." Id. The federal rules "promote the disposition of claims on the merits rather than on the basis of technicalities." Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) (citing Foman v. Davis, 371 U.S. 178, 181-82 (1962)). The Fourth Circuit has explained that as to dismissals under Rule 12(b)(6), "[t]he better practice is to allow at least one amendment." Ostrzenski v. Seigel, 177 F.3d 245, 253 (4th Cir. 1999) (emphasis added) (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357, at 360-67 (2d ed. 1990)). Here, Freeland has had an opportunity to correct the deficiencies of her first action and failed to do so. Where the court is convinced that a plaintiff has persisted in being unable to remedy the defects of her complaint, dismissal with prejudice is warranted. United States ex rel. Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378-79 (4th Cir. 2003); Kuehl, 8 F.3d at 908-909. That is particularly true where the plaintiff's claims are some twenty years old. Accordingly, the dismissal of Freeland's complaint will be with prejudice. See North Carolina v. McGuirt, 114 F. App'x 555, 558-60 (4th Cir. 2004) (affirming dismissal with prejudice of plaintiffs' second action for failure to comply with Federal Rule of Civil Procedure 8(a)).

15

## III. CONCLUSION

For the reasons stated,

IT IS ORDERED that Defendants' motion to dismiss (Doc. 6) is GRANTED, and Freeland's complaint is DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED that Freeland's motion for a temporary restraining order and request for an emergency hearing (Doc. 13) is DENIED AS MOOT.

                                            /s/   Thomas D. Schroeder
                                           United States District Judge

February 5, 2023